**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-03178-WJM-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CITY OF BOULDER, COLORADO,
HONEYWELL INTERNATIONAL, INC., and
TUSCO, INC.,

    Defendants.

_____

**ORDER GRANTING UNOPPOSED MOTION TO ENTER CONSENT DECREE**
_____

    This matter is before the Court on Plaintiff United States of America's Unopposed Motion to Enter Consent Decree ("Unopposed Motion"). (ECF No. 6.) The Unopposed Motion seeks entry of the Consent Decree previously lodged with the Court. (*See* ECF No. 2, Ex. 1.)

    On December 7, 2011, Plaintiff filed this action against Defendants City of Boulder, Colorado, Honeywell International, Inc., and Tusco, Inc. under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, seeking to recover response costs allegedly incurred by Plaintiff in connection with the Hendrick Mining and Milling Superfund Site near Boulder, Colorado. (ECF No. 1.) The next day, Plaintiff lodged the proposed Consent Decree, in which Defendants agreed to pay Plaintiff $350,000 in settlement of Plaintiff's claim of

entitlement to response costs.  (ECF No. 2, Ex. 1.)  On February 21, 2012, the Court requested more information from Plaintiff regarding the response costs incurred by Plaintiff.  (ECF No. 11.)  Plaintiff responded with detailed information to the Court's satisfaction.  (ECF No. 12-14.)

In the Unopposed Motion, Plaintiff represents that, on December 14, 2011, it published in the Federal Register notice of the proposed Consent Decree.  (ECF No. 6, at 2.)  The Court takes judicial notice of the same.  *See* Notice of Lodging of Consent Decree Under [CERCLA], 76 Fed. Reg. 77,846-02, 2011 WL 6177950 (Dec. 14, 2011); *see also* Fed. R. Evid. 201(b) (providing that judicial notice may be taken of a fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). Plaintiff also represents that, during the 30-day public comment period, no comments from members of the public were received regarding the proposed Consent Decree. (ECF No. 6, at 2.)  *See also* 28 C.F.R. § 50.7 (providing for notice and public comment period, and providing that Department of Justice shall inform the Court of any comments received from members of the public).

The Court, having carefully evaluated the Unopposed Motion, the proposed Consent Decree, and the supplemental information filed by Plaintiff, having received no comments from members of the public regarding the proposed Consent Decree, and being otherwise fully advised, concludes that the proposed Consent Decree is fair, reasonable, and equitable, and does not violate law or public policy.  *See Colorado v.*

*City & Cnty. of Denver*, No. 10-cv-1303, 2010 WL 4318835, at *4-*5 (D. Colo. Oct. 22, 2010); *United States v. ASARCO, Inc.*, 814 F. Supp. 951, 954-55 (D. Colo. 1993).

In accordance with the foregoing, the Court ORDERS as follows:

(1) Plaintiff's Unopposed Motion to Enter Consent Decree (ECF No. 6) is GRANTED;

(2) The Consent Decree lodged with the Court by Plaintiff on December 8, 2011 (ECF No. 2, Ex. 1) is hereby APPROVED;

(3) The Clerk of Court shall ENTER the approved Consent Decree separately signed by the undersigned; and

(4) The Clerk of Court shall TERMINATE this action, provided, however, that nothing herein shall affect the terms of the Consent Decree entered this day, and that this Court retains jurisdiction to enforce the terms of the Consent Decree as entered.

Dated this 29th day of February, 2012.

BY THE COURT:

William J. Martínez
United States District Judge