IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

      Plaintiff,

        v.

CITY OF BOULDER, COLORADO,

HONEYWELL INTERNATIONAL, INC.

      and

TUSCO, INC.,

      Defendants.

## **CONSENT DECREE**

# TABLE OF CONTENTS

I.     BACKGROUND ..............................................................................................1

II.    JURISDICTION ..............................................................................................2

III.   PARTIES BOUND ..........................................................................................2

IV.    DEFINITIONS.................................................................................................3

V.     PAYMENT OF RESPONSE COSTS...............................................................4

VI.    FAILURE TO COMPLY WITH CONSENT DECREE ....................................5

VII.   COVENANT NOT TO SUE BY PLAINTIFF...................................................7

VIII.  RESERVATIONS OF RIGHTS BY UNITED STATES....................................7

IX.    COVENANT NOT TO SUE BY SETTLING DEFENDANTS...........................8

X.     EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION ......................9

XI.    RETENTION OF RECORDS ..........................................................................10

XII.   NOTICES AND SUBMISSIONS ....................................................................11

XIII.  RETENTION OF JURISDICTION ..................................................................13

XIV.   INTEGRATION ..............................................................................................14

XV.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT .......................14

XVI.   SIGNATORIES/SERVICE..............................................................................14

XVII.  FINAL JUDGMENT .......................................................................................15

i

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

      Plaintiff,

        v.

CITY OF BOULDER, COLORADO,

HONEYWELL INTERNATIONAL, INC.

       *and*

TUSCO, INC.,

      Defendants.

## CONSENT DECREE

## I. BACKGROUND

A.     The United States of America (United States), on behalf of the Administrator of

the United States Environmental Protection Agency (EPA), filed a complaint in this matter

pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and

Liability Act of 1980, 42 U.S.C. § 9607, as amended (CERCLA), seeking reimbursement of

response costs incurred for response actions taken at or in connection with the release or

threatened release of hazardous substances at the Hendricks Mining and Milling Site, also

referred to as the Valmont Butte Site in Boulder, Colorado (Site).

Exhibit To Notice

B.     The Defendants that have entered into this Consent Decree (Settling Defendants) do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

C.     The United States and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants.  Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.     This Consent Decree is binding upon the United States, and upon Settling Defendants and their successors and assigns.  Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

Exhibit To Notice

## IV. **DEFINITIONS**

3.     Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

b. "Consent Decree" shall mean this Consent Decree.

c. "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

g. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.

Exhibit To Notice

h. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

i. "Parties" shall mean the United States and Settling Defendants.

j. "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through the date of lodging of this Consent Decree, plus accrued Interest on all such costs through such date.

k. "Plaintiff" shall mean the United States.

l. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

m. "Settling Defendants" shall mean the City of Boulder, Colorado, Honeywell International, Inc., and Tusco, Inc.

n. "Site" shall mean the Hendricks Mining and Milling Site, also referred to as Valmont Butte, approximately 102 acres in size and located at the intersection of North 63rd Street and Valmont Road in Boulder, Colorado.

o. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. PAYMENT OF RESPONSE COSTS

4. Payment of Past Response Costs to EPA. Within 30 days of entry of this Consent Decree, Settling Defendants shall pay to EPA $350,000.

5. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT instructions provided to Settling

4

Defendants by the Financial Litigation Unit of the U.S. Attorney's Office in the District of Colorado following lodging of the Consent Decree.

6.      At the time of payment, Settling Defendants shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill Identification Number 08-25, DOJ case number 90-11-3-10118, and the civil action number.

7.      The total amount to be paid pursuant to Paragraph 4 shall be deposited in the EPA Hazardous Substance Superfund.

## VI. <u>FAILURE TO COMPLY WITH CONSENT DECREE</u>

8.      <u>Interest on Late Payments</u>.  If any Settling Defendant fails to make any payment under Paragraph 4 (Payment of Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9. <u>Stipulated Penalty</u>.

a. If any amounts due under Paragraph 4 are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $5,000 per violation per day that such payment is late.

b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA.  All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party(ies) making payment, the Site name, the

Exhibit To Notice

EPA Region and Site Spill ID Number 08-25, DOJ Case Number 90-11-3-10118, and the civil action number. Settling Defendants shall send the check (and any accompanying letter) to:

> US Environmental Protection Agency
> Fines and Penalties
> Cincinnati Finance Center
> PO Box 979077
> St. Louis, MO 63197-9000

    c. At the time of each payment, Settling Defendants shall also send notice that payment has been made to EPA and DOJ in accordance with Section XII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill ID Number 08-25, DOJ Case Number 90-11-3-10118, and the civil action number.

    d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

    10.    If the United States brings an action to enforce this Consent Decree, Settling Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

    11.    Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

    12.    The obligations of Settling Defendants to pay amounts owed the United States under this Consent Decree are joint and several. In the event of the failure of any one or more

Settling Defendants to make the payments required under this Consent Decree, the remaining

Settling Defendants shall be responsible for such payments.

13.     Notwithstanding any other provision of this Section, the United States may, in its

unreviewable discretion, waive payment of any portion of the stipulated penalties that have

accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse

Settling Defendants from payment as required by Section V or from performance of any other

requirements of this Consent Decree.

## VII.  COVENANT NOT TO SUE BY PLAINTIFF

14.     Covenant Not to Sue by United States.  Except as specifically provided in

Section VIII (Reservation of Rights by United States), the United States covenants not to sue or

to take administrative action against Settling Defendants pursuant to Section 107(a) of CERCLA,

42 U.S.C. § 9607(a), to recover Past Response Costs.  This covenant not to sue shall take effect

upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Response

Costs) and any amount due under Section VI (Failure to Comply with Consent Decree).  This

covenant not to sue is conditioned upon the satisfactory performance by Settling Defendants of

their obligations under this Consent Decree.  This covenant not to sue extends only to Settling

Defendants and does not extend to any other person.

## VIII.  RESERVATIONS OF RIGHTS BY UNITED STATES

15.     The United States reserves, and this Consent Decree is without prejudice to, all

rights against Settling Defendants with respect to all matters not expressly included within the

Covenant Not to Sue by Plaintiff in Paragraph 14. Notwithstanding any other provision of this

Consent Decree, the United States reserves all rights against Setting Defendants with respect to:

7

a. liability for failure of Settling Defendants to meet a requirement of this Consent Decree;

b. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d. criminal liability; and

e. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX.  COVENANT NOT TO SUE BY SETTLING DEFENDANTS

16.     Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Colorado, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs.

Exhibit To Notice

17.     Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

## X. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

18.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  The Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

19.     The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendants are entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are Past Response Costs.

20.     Each Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim.  Each Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it.  In addition, each Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

9

21.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XI.  RETENTION OF RECORDS

22.     Until 10 years after the entry of this Consent Decree, each Settling Defendant shall preserve and retain all records, reports, or information (hereinafter referred to as "records") now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

23.     After the conclusion of the 10-year document retention period in the preceding paragraph, Settling Defendants shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendants shall deliver any such records to EPA. Settling Defendants may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendants assert such a privilege, they shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege

10

applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendants shall retain all records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendants' favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

24.     Each Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

## XII. NOTICES AND SUBMISSIONS

25.     Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Defendants in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendants, respectively.

Exhibit To Notice

As to the United States:
As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-10118)
P.O. Box 7611
Washington, D.C.  20044-7611


As to EPA:

Andrea Madigan
Enforcement Attorney
U.S. EPA Region 8
1595 Wynkoop Street
Denver, CO  80202-1129
Madigan.Andrea@epa.gov

and

Regional Financial Management Officer
US EPA Region 8
1595 Wynkoop Street
Denver, CO  80202-1129
Re: Site Spill ID No. 08-25

As to Settling Defendant Honeywell International Inc.:

Tao Wu
Remediation Manager
Honeywell International Inc.
111 South 34th Street
M/S Building 158
Phoenix, AZ 85034
Tao.wu@honeywell.com

With copies to:

Joel Gross, Esq.
Jeremy Karpatkin, Esq.
Arnold and Porter LLP
555 12th Street NW
Washington, DC 20004-1206
Joel.Gross@aporter.com
Jeremy.Karpatkin@aporter.com

Exhibit To Notice

As to Settling Defendant Tusco, Inc.:

John P. LaFollette
President
Tusco, Inc.
5310 Ward Road, #G-07
Arvada, CO 80002

With copies to:

Joseph B. Dischinger
Fairfield & Woods P.C.
1700 Lincoln Street, Suite 2400
Denver, CO 80203-4524
Jdischinger@fwlaw.com

As to Settling Defendant City of Boulder:

David Gehr, Esq.
City Attorney
City of Boulder
1777 Broadway
P.O. Box 791
Boulder, CO 80306-0791
gehrd@bouldercolorado.gov

With copies to:

Elizabeth H. Temkin, Esq.
Temkin Wielga & Hardt LLP
1900 Wazee Street, Suite 303
Denver, CO 80202
temkin@twhlaw.com

## XIII.  RETENTION OF JURISDICTION

26.      This Court shall retain jurisdiction over this matter for the purpose of interpreting

and enforcing the terms of this Consent Decree.

Exhibit To Notice

## XIV.  INTEGRATION

27.     This Consent Decree constitutes the final, complete and exclusive agreement and understanding among the Defendants with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XV.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

28.     This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

29.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVI.  SIGNATORIES/SERVICE

30.     Each undersigned representative of a Settling Defendant to this Consent Decree and the Chief, Environmental Enforcement Section of the Environment and Natural Resources Division of the United States Department of Justice, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

14

31.     Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

32.     Each Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVII. **FINAL JUDGMENT**

33.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 29 DAY OF Feb , ~~2011.~~ 2012 .

_____
United States District Judge

15

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States v. City of Boulder, et al.* relating to the Hendricks Mining and Milling Superfund Site a/k/a Valmont Butte Site.

**FOR THE UNITED STATES OF AMERICA**

Date: _11/15/11_

W. BENJAMIN FISHEROW
Acting Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

Date: _Nov. 18, 2011_

DONNA DUER
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC  20044-7611
202-514-3475
donna.duer@usdoj.gov
DC Bar Id. No. 414056

16

Exhibit To Notice

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of relating to the *United States v. City of Boulder et al.,* relating to the Hendrick Mining and Milling Superfund Site a/k/a Valmont Butte Site.

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY, REGION 8

Date: 11/16/11

KELCEY LAND
Director, Technical Enforcement Program
Office of Enforcement, Compliance
and Environmental Justice

Date: 11/16/11

MATTHEW COHN
Director, Legal Enforcement Program
Office of Enforcement, Compliance
and Environmental Justice

Date: 11/8/11

ANDREA MADIGAN
Enforcement Attorney, Legal Enforcement Program
Office of Enforcement, Compliance
and Environmental Justice

17

Exhibit To Notice

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. City of Boulder et al.*, relating to the Hendricks Mining and Milling Superfund Site a/k/a Valmont Butte Site.

FOR DEFENDANT THE CITY OF BOULDER:

Date: 11/03/2011

JANE BRAUTIGAM
City Manager

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Jane Brautigam
City Manager
City of Boulder
1777 Broadway
P.O. Box 791
Boulder, CO 80306-0791

18

Exhibit To Notice

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. City of Boulder et al.*, relating to the Hendricks Mining and Milling Superfund Site a/k/a Valmont Butte Site.

FOR DEFENDANT HONEYWELL INTERNATIONAL INC.:

Date: 7 Nov 2011

TROY JEANNINE KENNEDY
Remediation Director

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Tom Byrne
Chief Environmental Counsel
Law Department
Honeywell International Inc.
101 Columbia Road
Morristown, NJ 07962

19

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of *United States v. City of Boulder et al.,* relating to the Hendrick Mining and Milling Superfund Site a/k/a Valmont Butte Site.

FOR DEFENDANT TUSCO, INC.:

Date: _11 - 7 - 11_

JOHN P. LAFOLLETTE
President

Agent Authorized to Accept Service on Behalf of Above-signed Party:

John P. LaFollette
President
Tusco, Inc.
5310 Ward Road, #G-07
Arvada, CO 80002

20

Exhibit To Notice

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2011, I caused true and correct copies of Plaintiff

United States of America's Complaint, Notice of Lodging of Consent Decree, and Consent

Decree to be served by first class mail, postage paid, on the following:

Jane Brautigam
City Manager
City of Boulder
1777 Broadway
P.O. Box 791
Boulder, CO 80306-0791

Tom Byrne
Chief Environmental Counsel
Law Department
Honeywell International Inc.
101 Columbia Road
Morristown, NJ 07962

John P. LaFollette
President
Tusco, Inc.
5310 Ward Road, #G-07
Arvada, CO 80002

                                                     s/Stephen D.Taylor
                                                     Stephen D. Taylor